IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PATRICIA DE OLIVEIRA SOUZA LELIS
BOLIN AND MARK C. BOLIN,

  Plaintiffs,

v.     Civil Action No. 1:21-cv-178

TARGET CORPORATION, D/B/A TARGET
STORES INCORPORATED,

  Defendant.

## ANSWER

Defendant Target Corporation, d/b/a Target Stores Incorporated ("Target"), by counsel, states as follows for its Answer to Plaintiffs Patricia De Oliveira Souza Lelis Bolin and Mark C. Bolin's Complaint.

## PRELIMINARY STATEMENT

1. Target admits Ms. Lelis Bolin was a customer at the Target store in Falls Church, Virginia ("Seven Corners Target") on February 26, 2019, when she was detained for shoplifting and ultimately arrested by the Fairfax Police Department. Target denies the remaining allegations set forth in paragraph 1 of the Complaint.

## PARTIES

2. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 2 of the Complaint, and therefore the allegations are denied.

3. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 3 of the Complaint, and therefore the allegations are denied.

4. Target admits the allegations set forth in paragraph 4 of the Complaint.

## JURISDICTIONAL AND VENUE STATEMENT

5. Target admits this Court has jurisdiction over the Plaintiffs' claims as set forth in paragraph 5 of the Complaint.

6. Target admits the venue in this Court is appropriate as set forth in paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

### A. Target Security

7. Target admits the allegations set forth in paragraph 7 of the Complaint.

8. Target admits the allegations set forth in paragraph 8 of the Complaint.

9. Target admits the allegations set forth in paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Target admits it employs security measures at the store.

### B. Ms. Lelis Bolin Was (Allegedly) Profiled

11. Target admits Ms. Lelis Bolin entered the Seven Corners Target on February 26, 2019, but Target lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 11 of the Complaint, and therefore the allegations are denied.

12. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 12 of the Complaint, and therefore the allegations are denied.

13. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 13 of the Complaint, and therefore the allegations are denied.

14. Target denies the allegations set forth in paragraph 14 of the Complaint.

15. Target denies the allegations set forth in paragraph 15 of the Complaint.

16. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 16 of the Complaint, and therefore the allegations are denied.

17. Target admits the allegations set forth in paragraph 17 of the Complaint.

18. Target denies the allegations set forth in paragraph 18 of the Complaint.

19. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 19 of the Complaint, and therefore the allegations are denied.

**C. Ms. Lelis Bolin Was (Allegedly) Apprehended**

20. Target admits the allegations set forth in paragraph 20 of the Complaint.

21. Target denies the allegations set forth in paragraph 21 of the Complaint.

22. Target admits the allegations set forth in paragraph 22 of the Complaint.

23. Target denies the allegations set forth in paragraph 23 of the Complaint.

24. Target denies the allegations set forth in paragraph 24 of the Complaint.

25. Target admits a Target employee seized the unpaid merchandise present in Ms. Lelis Bolin's cart, but denies the remaining allegations set forth in paragraph 25 of the Complaint.

26. Target denies the allegations set forth in paragraph 26 of the Complaint.

27. Target denies the allegations set forth in paragraph 27 of the Complaint.

28. Target denies the allegations set forth in paragraph 28 of the Complaint.

29. Target admits the allegations set forth in paragraph 29 of the Complaint.

30. Target denies the allegations set forth in paragraph 30 of the Complaint.

31. Target denies the allegations set forth in paragraph 31 of the Complaint.

32. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 32 of the Complaint, and therefore the allegations are denied.

33. Target denies the allegations set forth in paragraph 33 of the Complaint.

34. Target admits Ms. Lelis Bolin signed a trespass form but refused to sign an admission statement. Target denies the remaining allegations set forth in paragraph 34 of the Complaint.

### D. The Criminal Case Against Ms. Lelis

35. Target admits the allegations set forth in paragraph 35.

36. Target admits the allegations set forth in paragraph 36.

37. Target admits to producing videos from surveillance cameras regarding Ms. Lelis Bolin, but denies the remaining allegations set forth in paragraph 37 of the Complaint.

38. Upon information and belief, Target admits the allegations set forth in paragraph 38.

39. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 39 of the Complaint, and therefore the allegations are denied.

40. Target lacks sufficient information to admit or deny the allegations set forth in paragraph 40 of the Complaint, and therefore the allegations are denied.

## CAUSES OF ACTION

### Count I: Violation of 42 U.S.C. § 1981

41. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 40 of the Complaint as if stated fully herein.

42. Target denies the allegations set forth in paragraph 42 of the Complaint and strict proof is demanded thereof.

### Count II: Violation of Virginia Hate Crimes Act

43. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 42 of the Complaint as if stated fully herein.

44. Target denies the allegations set forth in paragraph 44 of the Complaint and strict proof is demanded thereof.

### Count III: False Imprisonment

45. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 44 of the Complaint as if stated fully herein.

46. Target denies the allegations set forth in paragraph 46 of the Complaint and strict proof is demanded thereof.

### Count IV: Malicious Prosecution

47. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 46 of the Complaint as if stated fully herein.

48. Target denies the allegations set forth in paragraph 48 of the Complaint and strict proof is demanded thereof.

### Count V: Abuse of Process

49. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 48 of the Complaint as if stated fully herein.

50. Target denies the allegations set forth in paragraph 50 of the Complaint and strict proof is demanded thereof.

### Count VI: Intentional Infliction of Emotion Distress

51. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 50 of the Complaint as if stated fully herein.

52. Target denies the allegations set forth in paragraph 52 of the Complaint and strict proof is demanded thereof.

53. Target denies the allegations set forth in paragraph 53 of the Complaint and strict proof is demanded thereof.

### Count VII: Insulting Words

54. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 53 of the Complaint as if stated fully herein.

55. Target denies the allegations set forth in paragraph 55 of the Complaint and strict proof is demanded thereof.

56. Target denies the allegations set forth in paragraph 56 of the Complaint and strict proof is demanded thereof.

57. Target denies the allegations set forth in paragraph 57 of the Complaint and strict proof is demanded thereof.

### Count VIII: Assault and Battery

58. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 57 of the Complaint as if stated fully herein.

59. Target denies the allegations set forth in paragraph 59 of the Complaint and strict proof is demanded thereof.

60. Target denies the allegations set forth in paragraph 60 of the Complaint and strict proof is demanded thereof.

## Count IX: Conversion[1]

61. Target restates the answer set forth in response to the allegations set forth in paragraphs 1 through 60 of the Complaint as if stated fully herein.

62. Target denies the allegations set forth in paragraph 62 of the Complaint and strict proof is demanded thereof.

63. Target denies the allegations set forth in paragraph 63 of the Complaint and strict proof is demanded thereof.

64. Target denies the allegations set forth in paragraph 64 of the Complaint and strict proof is demanded thereof.

65. Target denies the allegations set forth in paragraph 65 of the Complaint and strict proof is demanded thereof.

66. Target denies the allegations set forth in paragraph 66 of the Complaint and strict proof is demanded thereof.

## Count X: Mr. Bolin's Loss of Consortium

67. Target denies the allegations set forth in paragraph 67 of the Complaint and strict proof is demanded thereof.

## PRAYER FOR RELIEF

68. Plaintiffs' prayer for relief contains no factual allegations to which a response is required. To the extent required, Target denies Plaintiffs are entitled to any relief requested.

69. Target denies any allegations not specifically admitted.

---

[1] Plaintiffs' Complaint erroneously labels this count as Count VIII. For clarity, Target has updated the count numbers for the last two counts to avoid any duplicate numbering.

7

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) as set forth in the Motion to Dismiss and accompanying memorandum filed simultaneously herein.

2. Target is not liable to Plaintiffs in any amount, for any cause whatsoever.

3. Plaintiffs were not damaged in the amount and to the extent alleged in the Complaint.

4. Plaintiffs failed to mitigate damages.

5. Plaintiffs alleged injuries and damages were cause in whole or in part by the action or omissions of persons other than Target, including Plaintiffs themselves, for whom Target is not responsible.

6. Target will rely upon any and all proper and provable defenses that may be revealed through investigation, discovery, or presentation of evidence.

WHEREFORE, Defendant Target Corporation, d/b/a Target Stores Incorporated, by counsel, moves this action be dismissed and for any other such relief this Court deems appropriate.

**TRIAL BY JURY DEMANDED**

**TARGET CORPORATION, D/B/A
TARGET STORES INCORPORATED**

By Counsel

/s/ Danielle D. Giroux
Danielle D. Giroux (VSB No. 45401)
Alexandra J. Sipes (VSB No. 90175)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com
asipes@hccw.com
*Counsel for Target Corporation*
*d/b/a Target Stores Incorporated*