IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PATRICIA DE OLIVEIRA SOUZA LELIS
BOLIN,

  Plaintiff,

v.                                            Civil Action No. 1:21-cv-178

TARGET CORPORATION, D/B/A TARGET
STORES INCORPORATED,

  Defendant.

## MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

Defendant Target Corporation d/b/a Target Stores Incorporated ("Target") files this Memorandum in Support of its Partial Motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### I. BACKGROUND

This case stems from Ms. Lelis Bolin's stop and arrest for shoplifting while at the Target facility in Falls Church, Virginia on February 26, 2019. Although she acknowledges that there was "a simple misunderstanding," Ms. Lelis Bolin asserts that the actions of the Target employee who stopped her were by racial animus. Ms. Lelis Bolin and her husband, Mark C. Bolin (collectively "Plaintiffs"), brought this suit claiming: (1) Violation of 42 U.S.C. § 1981; (2) Violation of Virginia Hate Crimes Act; (3) False Imprisonment; (4) Malicious Prosecution; (5) Abuse of Process; (6) Intentional Infliction of Emotional Distress; (7) Insulting Words; (8) Assault and Battery; (9) Conversion;[1] and (10) Mr. Bolin's Loss of Consortium. Plaintiffs' Complaint failed to allege sufficient facts to support most of her claims. As such, Target filed a

---

[1] Plaintiffs' initial Complaint erroneously labeled count nine as count eight and retained that numeration for the remainder of the Complaint. Defendant has listed the claims correctly for convenience.

Motion to Dismiss Counts I, III, IV, V, VI, VII, and X, Mr. Bolin's claims, and the claim for punitive damages.

This Court granted Target's Motion to Dismiss in part and dismissed Mr. Bolin's claims, dismissed Counts V and X without leave to amend, and dismissed Counts I, III, IV, VI, and VII with leave to amend. Of those counts previously dismissed by this Court, Plaintiff amended and reasserted only the Intentional Infliction of Emotional Distress and Insulting Words claims (now Counts IV and V). The new allegations in the Amended Complaint do not address the deficiencies of these claims. Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted for Counts IV and V and therefore they should be dismissed with prejudice.

## II. STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action if the Complaint fails to state a claim upon which relief can be granted. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). While the Court must take the facts in the light most favorable to Plaintiff, the Court is not bound with respect to the Complaint's legal conclusions. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). To survive a Motion to Dismiss, a Complaint must contain enough allegations of fact "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or plaintiff's "formulaic recitation" of elements of a particular cause of action. *Id.* at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). Accordingly, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Instead, "a claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ARGUMENT

### A. Plaintiff failed to state a claim for Intentional Infliction of Emotional Distress because Target's conduct was not outrageous or intolerable and Plaintiff did not suffer severe emotional distress.

Plaintiff still has not alleged sufficient allegations to support a claim for Intentional Infliction of Emotional Distress ("IIED") because, even accepting her allegations as true, Target's conduct was still not outrageous or intolerable and Plaintiff has not alleged she suffered severe emotional distress. In order to prove IIED, a plaintiff must show: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) causation; and (4) severe emotional distress. *Womack v. Eldridge*, 210 S.E. 145, 148 (Va. 1974).

Plaintiff has recited only the bare elements of IIED in order to directly support her claim in her Amended Complaint. Am. Compl. ¶¶ 50-51. Instead, Plaintiff seemingly again relies upon her earlier recitation of the facts in order to convince this Court she now has sufficient facts to support her claim. Whether relying upon the alleged insults uttered by Ms. Thomas or the alleged false accusations to the police of the Plaintiff's shoplifting, nothing in Plaintiff's Amended Complaint supports a claim for IIED.

The tort of IIED is disfavored in Virginia because of the "inherent problems in proving a claim alleging injury to the mind or emotions in the absences of accompanying physical injury." *Fuller v. Aliff*, 990 F. Supp. 2d 576, 680 (E.D. Va. 2013). Courts will impose liability "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as so atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 241 Va. 23, 26 (1991). Even "tortious intent,

criminal intent, malicious intent, nor conduct worthy punitive damages" will suffice to fulfill the outrageousness element of an IIED claim. *Daniczek v. Spencer*, 156 F. Supp. 3d 739, 759-60 (E.D. Va. 2016). The Supreme Court of Virginia has held that the outrageousness requirement "is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved." *Harris v. Kreutzer*, 271 Va. 188 (Va. 2006) (quoting *Womack*, 210 S.E.2d at 148).

There can be no doubt here that Plaintiff's allegations, even if true, do not rise to the level of outrageous or intolerable required by Virginia law to support such a claim. Simply stated, a mere false allegation to the police is not enough to rise to the level of outrageous or intolerable. *Fields v. Sprint Corp.*, 2017 WL 4053761, *4, 3:16cv905 (E.D. Va. 2017). Even in situations in which defendants have intentionally lied to the police to obtain an arrest, courts have found the conduct was not outrageous or intolerable. *See Almy v. Grisham*, 273 Va. 68 (2007); *Warner v. Buck Creek Nursery*, 149 F. Supp. 2d 246 (W.D. Va. 2001). Plaintiff has done nothing more to support her allegations for IIED rather than maintain that Ms. Thomas "falsely told police" that she was shoplifting. Am. Compl. ¶ 31. Such an allegation is simply insufficient for this claim.

Similarly, Plaintiff also has not alleged any additional facts to establish the requisite distress element. Plaintiff has not even added any basis for allegations that she suffered extreme distress but instead removed the one paragraph from her initial complaint describing the actual impacts of this situation on her life. Compl. ¶ 40. Conclusory allegations of "severe emotional distress" or generic allegations of emotional distress are not sufficient to establish a claim for intentional infliction of emotional distress. *Harris*, 271 Va. 188. This cause of action "arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Russo,* 241 Va. at 27; *Harris,* 271 Va.

4

at 188-89. Plaintiff has not pleaded the factual components of distress to meet the high standard imposed by well-established Virginia case law.

Accordingly, the facts alleged here are insufficient as a matter of law to establish such a cause of action, and Count IV should therefore be dismissed.

### B. Plaintiff's claim for insulting words must fail because the alleged comments do not not tend to violence or breach the peace.

Plaintiff's claim under the "insulting words" statute, Virginia Code section 8.01-45, now Count V, is still without merit. The statute states: "All words shall be actionable which from their usual construction and common acceptance are construed as insults **and** tend to violence and breach of the peace." Va. Code Ann. § 8.01-45 (emphasis added). The statute explicitly requires that the objectionable words used by the defendant be insulting **and** "tend to violence and breach of the peace." *See, e.g. Allen & Rocks, Inc. v. Dowell*, 252 Va. 439, 443 (1996); *Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d 652, 668 (E.D. Va. 2015) ("[I]nsult alone is not sufficient under the insulting word statute: a plaintiff must also plead sufficient facts such that a reasonable juror could find that the words have a 'clear and present tendency to incite violence.'"). Whether words are insulting and tend to incite violence is determined by the usual construction of the words and their common acceptance in the community." *Id.* at 668. In order to properly state a claim for insulting words in this court, Plaintiff must allege the exact statements made by the defendant that constitute such insults. *Id*. at 670.

In her initial Complaint, the only specific statements alleged are that the security officer said "Latinos never pay" and Ms. Lelis Bolin was "marrying an American because you want a green card." Compl. ¶ 27. Plaintiff's Amended Complaint provides nothing more to allege insulting words under the law. The only additional statements included in the Amended Complaint were that allegedly Ms. Thomas told Plaintiff "she needed to speak English, as it was

5

not polite to speak Spanish in the United States." Am. Compl. ¶ 10. In fact, Plaintiff initially alleged Ms. Thomas asked Plaintiff if the $1,500 cash Plaintiff allegedly had was "drug money" which she amended to indicate Ms. Thomas only said it was "very strange" that Plaintiff had such money. Compl. ¶ 24; Am. Compl. ¶ 28.

Even accepting these allegations as true, while the alleged comments are certainly insults, Plaintiff still does not and cannot allege that the words had a "clear and present tendency to incite violence." 138 F. Supp. 3d at 671. There are no such cases to support such a claim for insulting words for such bare allegations. Plaintiff's Amended Complaint cannot survive a motion to dismiss where Plaintiff has still failed to allege even the most basic allegations as required by the law. Count V should therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Target Corporation d/b/a Target Stores, Inc. respectfully requests that this Court grant its Motion to Dismiss, and dismiss Counts IV and V with prejudice.

**TARGET CORPORATION, D/B/A**
**TARGET STORES INCORPORATED**

By Counsel

/s/ Alexandra J. Sipes
Danielle D. Giroux (VSB No. 45401)
Alexandra J. Sipes (VSB No. 90175)
*Counsel for Target Corporation, d/b/a Target Stores Incorporated*
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com
asipes@hccw.com